IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.                                                                         No. 2:16-cr-01613-JB

ANTHONY RAY BACA, et al.,

    *Defendants*.

**DEFENDANT ANTHONY RAY BACA'S MOTION IN LIMINE TO PROHIBIT GOVERNMENT ATTORNEYS FROM USING RULE 404, 405, OR 608 CHARACTER EVIDENCE WITHOUT JUDICIAL APPROVAL**

    Under the Due Process Clause of the Fifth Amendment to the United States Constitution, Defendant Anthony Ray Baca respectfully moves the Court to prohibit the Government's counsel from introducing, under Fed. R. Evid. 404, 405, or 608 impermissible character evidence to the jury. In addition, Mr. Baca seeks to prohibit, for any potential character witnesses that may testify, the Government from questioning the witness by using a hypothetical question that may, as the basis of the question, assume that any defendant is guilty. The other defendants in this case have joined the motion. The United States has indicated its opposition to the imposition of any limitation of use of character evidence at trial under Fed. R. Evid. 404, 405, and 608.

    1.    The Superseding Indictment alleges 258 overt acts that purportedly constitute racketeering activity associated with a criminal conspiracy charge under 18 U.S.C. § 1962(d). [Dkt 372.].

2.      As the Court has pointed out in the companion case associated with this one, *United States v. DeLeon*, et al., the United States has alleged that Mr. Baca (along with others) is one of the purported "enterprise leaders."[1]  [*See* 2:15-cr-04268-JB, Dkt. 1533, p. 5]

3.      At this time, Mr. Baca presumes that the United States may be tempted to present reputational or character evidence related to Mr. Baca's alleged leadership role in the criminal enterprise alleged in this case, as well as other enterprise traits like the continuity of the enterprise's associations, in addition to other criminal traits that the United States may deem relevant to any defendant at trial.  Such evidence may take the form of reputational opinion or character evidence, testimony that may not be based on firsthand knowledge of a defendant but rather based on the rumors or gossip that inmates may have heard within the prison environment over the years that a witness has been confined there.

4.      The Rules of Evidence, however, do not allow for such character or opinion evidence to be introduced to the jury, unless a defendant first introduces character evidence on the specific trait in question.  *See* Fed. R. Evid. 404(a)(2) (allowing for the prosecutor to "offer evidence to rebut" a defendant's character evidence).  Hence, the Court should prohibit the United States from introducing such evidence to the jury, like Mr. Baca's purported leadership status, when that evidence is in the form of reputation or opinion testimony from a witness who lack firsthand knowledge of the conduct supporting the testimonial assertion.

5.      Similarly, should any defendant use a character witness to introduce and character that is allowed under Fed. R. Evid. 404(a)(3), the Court should prohibit the United States from asking any question of that witness in the form of hypothetical that is based on the assumption that any defendant is guilty of any racketeering activity alleged in the Indictment.

---

[1] Mr. Baca is not conceding this fact, but merely repeats it here for the sake of this argument.

6. The Court has broad discretion to control the cross-examination of any witness. That discretion includes the authority to prohibit hypothetical questions that assume the guilt of any defendant. In *United States v. Polsinelli*, 649 F.2d 793, 796-97 (10th Cir. 1981), for instance, the Court of Appeals reversed a defendant's conviction for drug distribution when the prosecution asked the defense character witness if his opinion about the defendant would change if the witness knew that the defendant had distributed drugs. In reversing the conviction, the Tenth Circuit noted that:

> The nature of the question was a far cry from any concept of formulated community opinion. Rather, the questions posed sought speculative responses resting upon an assumption of guilt. Government counsel asked if Ledesma's reputation would be affected if he were convicted of the alleged crime. These hypothetical questions struck at the very heart of the presumption of innocence which is fundamental to Anglo-Saxon concepts of fair trial. We think that the risk of questions put have no place in a criminal trial.

*Id*. The Tenth Circuit noted that hypothetical questions that assumed guilt violated the due process rights of the defendant, not simply the rules of evidence. Such questions have been broadly condemned by our sister-circuit courts as well. *See, e.g.*, *United States v. Oshatz*, 912 F.2d 534, 539 (2d Cir. 1990); *United States v. Shwayder*, 312 F.3d 1109, 1121 (9th Cir. 2002); *United States v. Guzman*, 167 F.3d 1350, 1352 (11th Cir. 1999).

## CONCLUSION

WHEREFORE, Defendant Anthony Ray Baca and his co-defendants move in limine for an order prohibiting the Government's counsel from introducing reputation and opinion testimony in this case without laying a proper foundation with the Court that the witness has acquired first-hand knowledge on the matter about which the witness will testify, and to prohibit

the prosecution from using guilt-assuming questions as part of any examination of character witness.

        Respectfully submitted,

        /s/ Theresa M. Duncan
        Theresa M. Duncan
        Duncan Earnest LLC
        515 Granite NW
        Albuquerque, NM 87102
        505-842-5196
        teri@duncanearnest.com

        AND

        ROTHSTEIN DONATELLI, LLP

        /s/ Marc M. Lowry
        MARC M. LOWRY
        500 Fourth Street NW, Suite 400
        Albuquerque, NM  87102
        (505) 243-1443
        mlowry@rothsteinlaw.com

        *Attorneys for Anthony Ray Baca*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14th day of May 2018, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel for Plaintiff and Defendants to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Marc Lowry
Marc Lowry
