IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                      No. CR 16-1613 JB

ANTHONY RAY BACA, a.k.a. "Pup";
CHRISTOPHER GARCIA; MANUEL
JACOB ARMIJO, a.k.a. "Big Jake";
FREDERICO MUNOZ, a.k.a. "Playboy";
SERGIO LOYA RODRIGUEZ, a.k.a.
"Churro"; MANUEL BENITO, a.k.a.
"Panther"; VINCENT GARDUÑO, a.k.a.
"Fatal"; MANDEL LON PARKER, a.k.a.
"Chuco"; DANIEL ARCHULETA, a.k.a.
"Smurf"; DANIEL SANCHEZ, a.k.a.
"Dan Dan"; ANTHONY CORDOVA,
a.k.a. "Antone," and ARTURO
ARNULFO GARCIA, a.k.a. "Shotgun,"

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Email from Greg Acton to the Court (sent July 21, 2018), filed July 23, 2018 (Doc. 878)("Email"). The primary issue is whether, in Jury Instruction No. 26, which defines "engaging in racketeering activity" for the purposes of the statute on Violent Crimes in Aid of Racketeering Activity, 18 U.S.C. § 1959 ("VICAR"), the Court's Sixth Proposed Jury Instructions (with citations), Jury Instruction No. 26, filed July 20, 2018 (Doc. 860)("Jury Instructions"), the Court should instruct the jury that the "government must show that an individual acting on behalf of the [Syndicato de Nuevo Mexico ("SNM")] gave the controlled substance to another person knowing that that person would further distribute it and that an agreement existed between these individuals to so further distribute the controlled substance."

Email at 1 (citing United States v. Bowline, 674 F. App'x 781 (10th Cir. 2016)(unpublished); United States v. Andino, 101 F. Supp. 2d 171, 175 (S.D.N.Y. 2000)(Cedarbaum, J.)). According to Defendant Anthony Cordova, the requested instruction "clarif[ies] that not all bad acts commonly committed by enterprise members are acts of the enterprise itself." Email at 2. Cordova cites United States v. Bowline to exemplify that "'a common goal to obtain [a] drug' is not the same as the interdependent and coordinated action of an enterprise to obtain the drug." Email at 2 (citation omitted)(alteration in Email)(citing United States v. Bowline, 674 F. App'x at 786). Plaintiff United States of America disputes that the law requires what Cordova contends, and states: "The law requires that the enterprise (through its members) possessed controlled substances with the intent to distribute them or that it distributed controlled substances." Email from Randy Castellano, U.S. Dep't of Justice, to the Court (sent July 22, 2018), filed July 23, 2018 (Doc. 877).

The Court agrees with the United States. VICAR demands that the enterprise's members, acting for the enterprise, engage in racketeering activity, and does not require that the members have knowledge that each member will advance the activity or have an agreement to commit the activity. See 18 U.S.C. § 1959. Necessarily, an enterprise must act through its members.[1] See

---

[1]VICAR criminalizes "murder[ing], kidnap[ing], maim[ing], assault[ing] with a dangerous weapon, commit[ting] assault resulting in serious bodily injury upon, or threaten[ing] to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempt[ing] or conspire[ing] so to do" in exchange for "anything of pecuniary value" or "gaining entrance to or maintaining or increasing position" "an enterprise engaged in racketeering activity." 18 U.S.C. § 1959. Section 1061(1) defines "[r]acketeering activity" as

> (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . . which is chargeable under State law and punishable by

United States v. Barbeito, No. CRIMA 2:09-CR-00222, 2010 WL 2243878, at *15 (S.D.W. Va. June 3, 2010)(Johnston, J.)(citing United States v. Pimentel, 346 F.3d 285, 297-98 (2d Cir. 2003); United States v. Cutolo, 861 F. Supp. 1142, 1146 (E.D.N.Y. 1994)(Nickerson, J.)). Nothing, however, suggests that VICAR requires knowledge or agreement among the members as Cordova would have. See, e.g., 18 U.S.C. § 1959; United States v. Arrington, 409 F. App'x 190, 195 (10th Cir. 2010)(unpublished)[2](stating that "the Aryan Brotherhood," i.e., the enterprise, engaged in 'racketeering activity,'" without mentioning members' knowledge or agreement); United States v. Hohn, 293 F. App'x 395, 401 (6th Cir. 2008)(describing an enterprise's racketeering activities as "members of the [gang] sold drugs," and not referencing the members' knowledge or agreement). The United States Court of Appeals for the Second Circuit, for instance, has outlined advice for determining when an enterprise engages in racketeering activity, see United States v. Barbeito,

---

> imprisonment for more than one year; (B) any act which is indictable under [enumerated provisions of] title 18, United States Code[.]

18 U.S.C. § 1961.

[2]United States v. Arrington is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The United States Court of Appeals for the Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . [a]nd we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that United States v. Arrington, United States v. Bowline, 674 F. App'x 781 (10th Cir. 2016)(unpublished), and United States v. Smith, 454 F. App'x 658 (10th Cir. 2011)(unpublished), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

2010 WL 2243878, at *15 (citing United States v. Pimentel, 346 F.3d 285; United States v. Feliciano, 223 F.3d 102 (2d Cir. 2000); United States v. Cutolo, 861 F. Supp. 1142); the Second Circuit has described that:

> Determining whether an enterprise's members have engaged in racketeering activities on its behalf involves "fact-based attention to the ways in which . . . the individuals acted for the group and/or in concert with other members, or acted in ways that contributed to the purposes of the group, or that were facilitated or made possible by the group . . . ."

United States v. Barbeito, 2010 WL 2243878, at *15 (quoting United States v. Feliciano, 223 F.3d at 116-17, and citing United States v. Pimentel, 346 F.3d at 296-97). An agreement between enterprise members or knowledge that an enterprise member will take specific action need not exist for a member to act for the enterprise's purposes or in a manner that the enterprise "facilitate[s]." United States v. Feliciano, 223 F.3d at 116-17.

Cordova's proposed language draws from conspiracy's requirements. See Email at 1-2; United States v. Bowline, 674 F. App'x at 782. United States v. Bowline, on which Cordova relies, speaks to conspiracy violations and not to substantive VICAR violations. See United States v. Bowline, 674 F. App'x at 782. Even without considering United States v. Bowline's facts, the Court can see that the idea that enterprise members must have knowledge and agreement about drug distribution drugs touches conspiracy's "essence" -- agreement. United States v. Smith, 454 F. App'x 658, 662 (10th Cir. 2011)(unpublished). See United States v. Smith, 454 F. App'x at 662 ("[T]he essence of a conspiracy charge is that a defendant and others agreed to commit a certain offense."); United States v. Evans, 970 F.2d 663, 669 (10th Cir. 1992)(describing that, to prove conspiracy, "[i]t is necessary to show that the 'defendant shared a common purpose or design

with his alleged coconspirators.'" (quoting United States v. Horn, 946 F.2d 738, 740 (10th Cir. 1991)).

Because the Court concurs with the United States regarding the law, Cordova's language should not inform the Court's Jury Instructions. Moreover, Cordova's proposed jury instruction might cause "the jury to disregard evidence that could legitimately support a finding that [SNM] engaged in drug trafficking." United States v. Feliciano, 223 F.3d at 116. Evidence might reflect racketeering acts in the form of SNM members distributing drugs to non-SNM members. Such facts would show SNM possessing and distributing drugs, but would not satisfy Cordova's proposed instructions. Accordingly, the Court overrules Cordova's objection.

**IT IS ORDERED** that Defendant Anthony Cordova's request in the Email from Greg Acton to the Court (sent July 21, 2018), filed July 23, 2018 (Doc. 878), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Fred Federici
  Attorney for the United States
    Acting Under Authority Conferred by 28 U.S.C § 515
Albuquerque, New Mexico

--and--

Maria Ysabel Armijo
Randy M. Castellano
Matthew Beck
  Assistant United States Attorneys
United States Attorney's Office

Las Cruces, New Mexico

*Attorneys for the Plaintiff*

Theresa M. Duncan
Duncan, Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

*Attorneys for Defendant Anthony Ray Baca*

Christopher W. Adams
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

*Attorneys for Defendant Christopher Garcia*

Todd Bruce Hotchkiss
Todd B. Hotchkiss, Attorney at Law, LLC
Albuquerque, New Mexico

*Attorney for Defendant Manuel Jacob Armijo*

Louis E. Lopez, Jr.
El Paso, Texas

*Attorney for Defendant Frederico Munoz*

Donald F. Kochersberger, III
Business Law Southwest, LLC
Albuquerque, New Mexico

*Attorneys for Defendant Sergio Loya Rodriguez*

Susan Burgess-Farrell
Barry G. Porter
Burgess & Porter Law, LLC
Albuquerque, New Mexico

    *Attorneys for Defendant Manuel Benito*

Diego R. Esquibel
The Barnett Law Firm
Albuquerque, New Mexico

--and--

R. Scott Reisch
Reisch Law Firm, LLC
Denver, Colorado

    *Attorneys for Defendant Vincent Garduño*

Marc Grano
Grano Law Offices
Las Vegas, New Mexico

    *Attorney for Defendant Mandel Lon Parker*

James Baiamonte
Albuquerque, New Mexico

--and--

Ahmad Assed
Ahmad Assed & Associates
Albuquerque, New Mexico

    *Attorneys for Defendant Daniel Archuleta*

Lauren Noriega
The Noriega Law Firm
Los Angeles, California

--and--

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

    *Attorneys for Defendant Daniel Sanchez*

Marcia A. Morrissey
Santa Monica, California

--and--

Gregory M. Acton
Albuquerque, New Mexico

    *Attorneys for Defendant Anthony Cordova*

Scott Moran Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Albuquerque, New Mexico

    *Attorneys for Defendant Arturo Arnulfo Garcia*